UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 MAR -1  P 1 50

James Richard White, # 258862,  ) C/A No. 2:06-0518-GRA-RSC
)
               Plaintiff,  )
)
vs.  )
) **Report and Recommendation**
Jon Ozmint, Director of South Carolina Department of  )
Corrections;  )
Kenneth McKellar, Warden; and  )
Derwin Neasman, Major,  )
)
               Defendants.  )

# Background of this Case

The plaintiff is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections (SCDC). He has brought suit against the current Director of the SCDC, a now-retired Warden, and a Major. The plaintiff alleges deficiencies in medical care provided by the SCDC to the plaintiff from 1991 until his release on a prior conviction in 1999.[1] In his prayer for relief, the plaintiff seeks: (1) actual damages; (2)

---

[1] The SCDC website (www.doc.sc.gov) indicates that the plaintiff is serving an eight-year sentence for common law robbery. The conviction for common law robbery was entered in the Court of General Sessions for Lancaster County. Since the plaintiff's admission date
(continued...)

1

medical treatment for life; (3) "maximum" monetary damages allowed; (4) punitive damages; and (5) release from prison as "part of the monatary [sic] Damages without Stipulations[.]"

The plaintiff's answers on page 2 of the complaint reveal that he has not filed a grievance relating to the facts alleged in the above-captioned case. The above-captioned case is the first civil action filed by the plaintiff in the United States District Court for the District of South Carolina.

# Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the

---

(...continued)
to the SCDC is March 21, 2005, and his "sentence start date" is August 28, 2003, it appears that the plaintiff received seventeen (17) months of "jail time credit" on his current sentence. The South Carolina Inmate Database on the LEXIS® service shows prior convictions for breaking into a motor vehicle (for which he was paroled in 2003), grand larceny (as a "youthful offender"), and burglary (for which the plaintiff served sixteen years of a twenty-seven year sentence). According to the LEXIS® service and the plaintiff's allegations on page 3 of the complaint, the plaintiff's prior SCDC numbers are 111065 (burglary conviction) and 103798 (grand larceny conviction as a youthful offender).

complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The above-captioned case, whether treated as a diversity action[3] or as a § 1983 civil rights action, is time barred under the statute of limitations. In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 265-280 (1985)(in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at § 15-3-530, South Carolina Code of Laws (quoted above),

---

[3]The above-captioned case is not maintainable as a diversity action because the plaintiff and all three defendants are citizens of the State of South Carolina. Hence, complete diversity of parties is lacking in this case. See 28 U.S.C. 1332; Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978); and Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).

4

which establishes a three-year limitations period for causes of action arising on or after April 5, 1988.

Since the plaintiff is a prisoner, the holding in Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988), is applicable. Hence, the plaintiff is deemed to have "filed" the complaint on February 17, 2006, when he delivered the pleadings to prison officials at the Kershaw Correctional Institution for mailing. Under Houston v. Lack, the filing date for limitations purposes is February 17, 2006. The limitations period for the plaintiff to file suit expired in late 2002 because the latest events that gave rise to this civil rights action took place between 1991 and late 1999.[4]

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. See, e.g., United States v. Ward, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and American National Bank v. Federal Deposit Insurance Corporation, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in Todd v. Baskerville, 712 F.2d 70, 74 (4th

---

[4] One statement in the complaint suggests that the plaintiff may be aware that this case is untimely. See Complaint (Entry No. 1), at page 3: "I know it's been a long time but something should be done about this."

which establishes a three-year limitations period for causes of action arising on or after April 5, 1988.

Since the plaintiff is a prisoner, the holding in Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988), is applicable. Hence, the plaintiff is deemed to have "filed" the complaint on February 17, 2006, when he delivered the pleadings to prison officials at the Kershaw Correctional Institution for mailing. Under Houston v. Lack, the filing date for limitations purposes is February 17, 2006. The limitations period for the plaintiff to file suit expired in late 2002 because the latest events that gave rise to this civil rights action took place between 1991 and late 1999.[4]

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. See, e.g., United States v. Ward, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and American National Bank v. Federal Deposit Insurance Corporation, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in Todd v. Baskerville, 712 F.2d 70, 74 (4th

---

[4]One statement in the complaint suggests that the plaintiff may be aware that this case is untimely. See Complaint (Entry No. 1), at page 3: "I know it's been a long time but something should be done about this."

5

Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. *See also* Rogers v. Isom, 709 F. Supp. 115, 117, 1989 U.S.Dist. LEXIS® 3521 (E.D.Va. 1989)("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), *citing* Todd v. Baskerville, supra; and Duncan v. West Virginia, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984)("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding [sic] a complaint frivolous.")(citation omitted).

The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations:

> * * * Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human.

United States v. Newman, 405 F.2d 189, 200 (5th Cir. 1969)(citation omitted from quotation). In light of the applicability of South Carolina's three-year

statute of limitations, the plaintiff's obvious failure to exhaust his SCDC administrative remedies[5] is not dispositive.[6]

# Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See <u>Denton v. Hernandez</u>, supra; <u>Neitzke v. Williams</u>, supra; <u>Haines v. Kerner</u>, supra; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished

---

[5] *See* the plaintiff's answers on page 2 of the § 1983 complaint form (Entry No. 1).

[6] *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; <u>Porter v. Nussle</u>, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002); <u>Booth v. Churner</u>, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and <u>Higginbottom v. Carter</u>, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000). In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996).

Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See* <u>Anderson v. XYZ Correctional Health Services</u>, 407 F.3d 674, 683, 2005 U.S.App. LEXIS® 8698 (4th Cir. 2005).

opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

*Robert S. Carr* (signature)

Robert S. Carr
United States Magistrate Judge

March 1, 2006
Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger de novo review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 835<br>
Charleston, South Carolina 29402

9