UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Richard White, #258862,<br><br>                Plaintiff,<br><br>   v.<br><br>Jon Ozmint, Director of South Carolina Department of Corrections; Kenneth McKellar, Warden; and Derwin Neasman, Major,<br><br>                Defendants. | C/A No. 2:06-0518-GRA-RSC<br><br>ORDER |

      This matter is before this Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed March 01, 2006. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983. The magistrate recommends dismissing Plaintiff's complaint without prejudice and without issuance and service of process.

      Plaintiff is proceeding *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed an objection to the magistrate's Report and Recommendation on March 13, 2006.

Plaintiff objects to the magistrate's recommendation of dismissal of his claim based on failing to file his action within the statute of limitations. Plaintiff's *Houston v. Lack*, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379 (1988), delivery date in this action is February 17, 2006. The issue that the Plaintiff attempts to litigate in his Complaint is allegedly his illegal incarceration resulting in a serious injury from an incident on February 25, 2003. In civil rights cases filed in the District of South Carolina, this Court must apply South Carolina's general personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 265-280 (1985). South Carolina's applicable personal injury statute of limitations is codified at *S.C. Code Ann.* § 15-3-530 (1986), which establishes a three year limitations period for causes of action arising on or after April 5, 1988. Based on the cause of action listed in the Plaintiff's Complaint, the statute of limitations period would run on February 25, 2006. It is clear from the Report and Recommendation that Plaintiff's filing date for limitations purposes is February 17, 2006. (mag. rep. and rec. at 5). In an abundance of caution, this Court remands this action back to the magistrate for a determination on the merits. The magistrate shall determine if Plaintiff's action is subject to summary dismissal or whether process should be issued against Defendants.

IT IS THEREFORE ORDERED that this case be REMANDED to the magistrate for a determination consistent with this Opinion.

IT IS SO ORDERED.

3

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

April 4, 2006

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

4